# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:14CV-29-M

**ARCHIE SAXTON** *et al.*                                                      **PLAINTIFFS**

**v.**

**JUDGE CAROL SUE BROWNING**                                  **DEFENDANT**

## MEMORANDUM OPINION

Plaintiffs, Archie and Deborah Saxton, filed this *pro se* action proceeding *in forma pauperis*. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

## I.

Plaintiffs filed the complaint on a general complaint form naming as Defendant Judge Carol Sue Browning. As the grounds for filing this lawsuit in federal court, Plaintiffs state, "We didn't receive a fair hearing and the judge ligated on behalf of Ms. Karen Johnson/Deanna Hanley Estate. The way Judge Browning presided over this case is unethical since when both parties aren't sworn in and the judge acted like an atty for the plaintiff." As the statement of the claim, Plaintiffs state that "the outcome was unbelievable with our civil right not protected and the judge ruled favorably with her legating for Ms. Johnson and the verdict seemed to be predetermined! We want a fair hearing and let our evidence been known that the Logan County District judge did us an injustice!" As relief, Plaintiffs seek "[a]nother hearing through this court" and that the "verdict be fair based on KRS 383.705."

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiffs seek only injunctive relief in the form of a new hearing and verdict. However, this Court lacks jurisdiction to award such relief. Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "The doctrine prevents a federal court from exercising jurisdiction over a claim

alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).

Moreover, if Plaintiffs had sought monetary damages against Defendant, the claim would also be barred. Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

For these reasons, the action will be dismissed. A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: July 3, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
      Defendant
4414.010